UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIRST UNUM LIFE INSURANCE COMPANY,

                Plaintiff,

— against —

RALPH ALLEYNE,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

06-CV-1052 (SLT)(JMA)

**TOWNES, United States District Judge:**

      First Unum Life Insurance Company ("First Unum") brought this action to seek reimbursement by defendant Ralph Alleyne for an overpayment of disability benefits from an employee welfare benefit plan governed by the Employee Retirement Income Security Act. This Court referred the motion for a default judgment by First Unum to the Honorable Joan M. Azrack, United States Magistrate Judge, for a report and recommendation ("R&R"). In a R&R dated October 3, 2008, Magistrate Judge Azrack recommended that this Court award judgment in favor of First Unum for overpayment that resulted from Alleyne's receipt of Social Security benefits but not overpayment that resulted from his receipt of worker's compensation benefits. Plaintiff filed objections to the R&R on October 20, 2008. The factual and procedural background is adequately described in the R&R, and this memorandum and order assumes familiarity with the relevant background.

**STANDARD OF REVIEW**

      If any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

## DISCUSSION

First Unum challenges Magistrate Judge Azrack's (1) denial of relief for the overpayment of plan benefits caused by Alleyne's receipt of worker's compensation benefits; (2) recommendation regarding the method and timing of the payment of judgment; and (3) denial of costs. This Court reviews these issues *de novo*. First, Alleyne's default does not preclude this Court from reviewing whether, taking as true the allegations in the complaint, First Unum has stated a claim for relief. Second, section 502(a)(3) of ERISA authorizes only equitable, as opposed to legal, relief. Third, First Unum has not stated a claim for equitable relief with respect to the overpayment that resulted from Alleyne's receipt of worker's compensation benefits. Fourth, this Court calculates Alleyne's liability for the overpayment that resulted from Alleyne's receipt of Social Security benefits. Fifth, First Unum has not offered any reason that it should be awarded costs. Additionally, this Court has reviewed the portions of the report and recommendation to which neither party has objected and concludes that the recommendations are not clearly erroneous.

### A. On a Motion for a Default Judgment, This Court May Review Whether the Well-Pleaded Allegations State a Claim for Relief.

First Unum's argument that Alleyne's default precludes this Court from denying relief is without merit. "While a default constitutes an admission of all the facts 'well pleaded' in the complaint, it does not admit any conclusions of law alleged therein, nor establish the legal sufficiency of any cause of action." *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000). With respect to the rulings in the report and recommendation to which First Unum objects, this Court reviews *de novo* whether the well-pleaded allegations state a claim for relief.

### B. Section 502(a)(3) of ERISA Authorizes Only Equitable Relief.

Section 502(a)(3) of the Employee Retirement Income Security Act authorizes equitable relief to redress violations of and enforce the terms of ERISA:

> A civil action may be brought (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a). The phrase "equitable relief" refers to the relief typically available in equity during the time of the divided bench. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256, 113 S. Ct. 2063, 2069 (1993). Some forms of restitution are equitable in nature, whereas others constitute legal relief. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 217, 122 S. Ct. 708, 716 (2002). In an action for restitution at law, the plaintiff seeks to impose personal liability on the defendant to recover a sum of money for a benefit that the plaintiff conferred on the defendant. *Id.* at 213, 122 S. Ct. at 714. In an action for restitution in equity, the plaintiff seeks to impose a constructive trust or an equitable lien on "money or property identified as

3

belonging in good conscience to the plaintiff [that can] clearly be traced to particular funds or property in the defendant's possession." *Id.* An equitable lien sought as a matter of restitution, however, is a form of relief distinct from an equitable lien imposed by agreement. *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 364–65, 126 S. Ct. 1869, 1875 (2006). The strict tracing rules that apply to equitable liens of restitution do not apply to equitable liens by agreement. *Id.* at 365, 126 S. Ct. at 1875–76.

C. *First Unum May Not Recover for Overpayment that Resulted from Alleyne's Receipt of Worker's Compensation Benefits.*

First Unum challenges Magistrate Judge Azrack's ruling that it cannot recover from Alleyne the overpayment of plan benefits to him that resulted from Alleyne's receipt of worker's compensation benefits. After reviewing the issue *de novo*, this Court agrees with the ruling of Magistrate Judge Azrack. First Unum may not recover any overpayment of plan benefits caused by the receipt of worker's compensation benefits because First Unum has not identified a particular fund, as distinguished from Alleyne's general assets, on which an equitable lien may be imposed. As a result, any recovery would be in the nature of legal, rather than equitable, relief.

This Court begins its analysis by identifying precisely the particular form of relief that First Unum seeks. Because the reimbursement agreement between First Unum and Alleyne concerned only the receipt of Social Security benefits and did not mention worker's compensation benefits (Wildes Aff., Ex. 2), Alleyne has no basis for seeking an equitable lien by agreement with respect to overpayment caused by the receipt of worker's compensation benefits. In the absence of a reimbursement agreement regarding worker's compensation benefits, Alleyne can seek only an equitable lien as a matter of restitution. As a result, the strict tracing rules for

equitable restitution apply. *Knudson*, 534 U.S. at 213, 122 S. Ct. at 714; *Sereboff*, 547 U.S. at 365, 126 S. Ct. at 1875–76.

Both Supreme Court and Second Circuit precedent confirm that the plaintiff must identify a particular fund, distinct from the defendant's general assets, from which the plaintiff seeks to be reimbursed. In ruling that the relief sought by the plaintiff was equitable, the Supreme Court in *Sereboff v. Mid Atlantic Medical Services, Inc.* emphasized that the funds sought by the plaintiff had been "set aside and 'preserved [in the defendants'] investment accounts.'" 547 U.S. at 363, 126 S. Ct. at 1874 (quoting *Mid Atl. Med. Servs., LLC v. Sereboff*, 407 F.3d 212, 218 (4th Cir. 2005)). Although the funds had been commingled with other monies in the investment accounts, *Mid Atl. Med. Servs., LLC v. Sereboff*, 407 F.3d at 218, the plaintiffs had satisfied their burden to identify a specific fund for the imposition of an equitable lien rather than seeking recovery from the defendants' assets generally, *Sereboff*, 547 U.S. at 363, 126 S. Ct. at 1874. Similarly, in *Nechis v. Oxford Health Plans, Inc.*, the Second Circuit denied a claim for equitable restitution in part because the defendant had not segregated the monies in question. 421 F.3d 96, 103 (2d Cir. 2005).

The Restatement of Restitution further supports the conclusion that equitable restitution is available only if the plaintiff identifies a particular fund for the imposition of an equitable lien. The Restatement outlines extensive rules governing the imposition of equitable liens when the funds in question have been commingled in an account with other monies. *See* Restatement (First) of Restitution §§ 209–215. All such rules presuppose that the plaintiff has identified a specific fund rather than seeking recovery from the defendant's assets generally.

**D.**     ***Calculation of Liability and Method of Repayment of Social Security Benefits.***

5

Neither party objects to Magistrate Judge Azrack's calculation of the amount of the overpayment. This Court accordingly does not disturb her calculation of the amount at issue, but declines to follow the recommendation of Magistrate Judge Azrack regarding the method and timing of payment. Alleyne is liable to First Unum in the amount $53,939.91 plus interest. This figure represents the $71,884.20 of overpayment due to Alleyne's receipt of Social Security benefits minus total recoupment to date of $17,944.29.

### E. *First Unum Is Not Entitled to Payment of Costs.*

First Unum challenges Magistrate Judge Azrack's decision not to award costs. First Unum argues that this Court is required to award costs pursuant to Federal Rule of Civil Procedure 55(b)(1). Rule 55(b)(1), however, concerns entry of a default judgment by the clerk rather than the Court. Entry of a default judgment by the Court is governed by Rule 55(b)(2), which makes no mention of costs. Section 1132 of Title 29, however, provides that, in actions under section 1132(a)(3), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). First Unum makes no argument regarding why it should be awarded costs. After reviewing the question *de novo*, this Court exercises its discretion and declines to award costs.

## CONCLUSION

The plaintiff's objections to Magistrate Judge Azrack's report and recommendation are overruled. Accordingly, the plaintiff's motion for a default judgment is granted in part and denied in part. The Clerk of Court is directed to enter judgment in favor of the plaintiff in the amount of $53,939.91 plus interest as determined by the Clerk of Court.

Dated: Brooklyn, New York
January 30, 2009

_Sandra L. Townes_
SANDRA L. TOWNES
United States District Judge